IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAMATTA YOULO | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 12-3135 |
| UNITED STATES OF AMERICA | : | |

**SURRICK, J.**                                                                                         **AUGUST 21, 2013**

### MEMORANDUM

Presently before the Court is Defendant United States of America's Motion to Dismiss or, Alternatively, for Summary Judgment. (ECF No. 9.) For the following reasons, the Motion will be granted.

**I.    BACKGROUND**

This case arises as a result of automobile accident between Plaintiff Famatta Youlo and a United States Postal Service ("USPS") driver, William Slaughter, on December 20, 2009. (Compl. ¶ 7, ECF No. 1.)[1] Plaintiff sustained injuries in the accident. (Compl. ¶ 14.) On January 15, 2010, the USPS received Plaintiff's completed damage claim form, Standard Form 95 ("SF-95"), demanding $550,000 as a result of the accident. (Bjurstrom Decl. Ex. A ("SF-95"), Gov't's Br. Ex. 1, ECF No. 9.)[2] After receiving the SF-95 from Plaintiff, the USPS investigated Plaintiff's claim, and on February 9, 2011, sent Plaintiff's counsel a letter offering an amount to settle the claim. (Bjurstrom Decl. Ex. B.) The offer letter was sent to Plaintiff's counsel, Brett Batoff, at Two Penn Center, 1500 John F. Kennedy Blvd., Suite 1060,

---

[1] Slaughter was dismissed as a Defendant in this lawsuit pursuant to an agreement reached between the parties. (Gov't's Br. 3, ECF No. 9; *see also* ECF No. 7.)

[2] The SF-95 contains the following address for Plaintiff's attorney, Brett Batoff, Esquire: "1500 JFK Blvd. Ste. 1, Philadelphia, PA 19102." (SF-95.)

Philadelphia, PA 19102. (*Id.*) Plaintiff rejected the USPS's settlement offer in a letter from her counsel dated March 24, 2011. (Bjurstrom Decl. Ex. B.) On June 6, 2011, the USPS sent a claim denial letter to Plaintiff's counsel by certified mail. (Bjurstrom Decl. Ex. D.)[3] The claim denial letter was addressed to Plaintiff's counsel at the same address used for the March 24, 2011 settlement offer letter. (*Id.*) The letter stated that Plaintiff had six months from the date of the mailing of the claim denial letter to file suit against the United States. (*Id.*) The certified mail delivery receipt confirms that the claim denial letter was delivered to Plaintiff's counsel's office on June 9, 2011. (Bjurstrom Decl. Ex. E; *see also* Gov't's Reply Ex. D, ECF No. 12.) Plaintiff did not request reconsideration of the USPS claim denial. (Gov't's Br. 4.)

Plaintiff filed the Complaint on June 4, 2012, almost a year after the denial notice was mailed to Plaintiff's counsel. (Compl.) On September 7, 2012, the United States filed a Motion to Dismiss, or Alternatively, for Summary Judgment. (Gov't's Mot., ECF No. 9; *see also* Gov't's Br.) On September 24, 2012, Plaintiff filed a Response in opposition to the Motion. (Pl.'s Resp., ECF No. 10.) On October 19, 2012, the United States filed a Reply. (Gov't's Reply.)

## II.   LEGAL STANDARD

Defendant moves to dismiss the Complaint under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56.[4] Both parties submitted multiple exhibits with their

---

[3] The claim denial letter is actually dated February 6, 2011, which the United States claims was a typographical error. (Bjurstrom Decl. ¶ 6 n.2.) The letter was mailed on June 6, 2011 and delivered to Plaintiff's counsel on June 9, 2011. (*Id.*)

[4] Rule 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a Rule 12(b)(6) motion "courts [must] accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the

2

pleadings, including correspondence, affidavits, and the Plaintiff's SF-95. Rule 12 of the Federal Rules of Civil Procedure advises that when matters outside of the pleadings are considered on a motion to dismiss under Rule 12(b)(6), "the motion should be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001) (advising that a summary judgment standard should be used when the court considers memoranda, affidavits, and exhibits on a motion to dismiss); *Gordon v. Pugh*, No. 05-1856, 2006 U.S. Dist. LEXIS 66929, at *2-3 (M.D. Pa. Sept. 19, 2006) (applying summary judgment standard to a motion where the parties asked the court to consider supplemental documentation attached to the motion). Since consideration of the exhibits attached to the pleadings is necessary to decide the issues before us, we will apply a summary judgment standard to the United States' Motion.

Under Rule 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).
   In order to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

3

247-48 (1986). Where the nonmoving party bears the burden of proof at trial, the moving party may identify an absence of a genuine issue of material fact by showing the court that there is no evidence in the record supporting the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 322; *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004). If the moving party carries this initial burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (noting that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The nonmoving party may not avoid summary judgment by relying on speculation or by rehashing the allegations in the pleadings. *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). "We must construe the evidence in favor of the non-moving party, and summary judgment must be denied if there exists enough evidence 'to enable a jury to reasonably find for the nonmovant on the issue.'" *Brown v. J. Kaz, Inc*., 581 F.3d 175, 179 (3d Cir. 2009) (quoting *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009)).

## III. DISCUSSION

### A. The Parties' Contentions

The United States argues that Plaintiff's claim must be dismissed since it was not filed within the applicable six-month statute of limitations. Under 28 U.S.C. § 2401(b), a federal tort claim such as Plaintiff's claim is barred unless the claim is filed in a district court within six months after the notice of denial is mailed. 28 U.S.C. § 2401(b). The United States offers the certified mail delivery confirmation showing that the USPS sent the claim denial on June 6,

4

2011.  The United States contends that since Plaintiff waited almost a year to file the Complaint, her claims are barred by § 2401.

Plaintiff responds that her claims are not time-barred because she never received the claim denial notice.  (Pl.'s Resp. 3.)  Specifically, Plaintiff argues that the United States failed to meet its burden of demonstrating that the claim denial notice was in fact sent to Plaintiff since it failed to attach the executed signature card portion of the certified mail delivery receipt.  (*Id.*)  Plaintiff offers the affidavit of her legal counsel, Brett Batoff, who claims that (1) he never received the claim denial notice, (2) no agent in his office received the claim denial notice, and (3) mail addressed to him is sometimes mistakenly delivered to other offices within his office building.  (Batoff Decl., Pl.'s Resp. Ex. G.)

**B.     Legal Analysis**

Generally, "the United States enjoys sovereign immunity from suits and, accordingly, may be sued only if it has waived that immunity."  *Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 93-94 (3d Cir. 1995).  The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq*., "constitutes a waiver of sovereign immunity."  *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989).  As a prerequisite to bringing suit against the United States under the FTCA, the Act requires the plaintiff to first present a claim to the relevant federal agency.  28 U.S.C. § 2675(a).  The claim must be filed within two years after it accrues.  28 U.S.C. § 2401(b).  Thereafter, the plaintiff has "six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented" to file a lawsuit in federal court.  *Id*.; *see also* 28 C.F.R. § 14.9(a) ("Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative, by certified or registered mail.").  Prior to expiration of the six-month limitations

5

period, a plaintiff may, in lieu of filing suit, request reconsideration of the final denial with the federal agency that denied the claim. 28 C.F.R. § 14.9(b). If the plaintiff elects to seek reconsideration, the period to file a claim in the district court is extended to six months from the date of the mailing of the final denial of reconsideration. *Id*.

The Third Circuit strictly construes this limited waiver of sovereign immunity. *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003); *Livera*, 879 F.2d at 1194 ("[T]he Act's established procedures have been strictly construed."). "Thus, where a plaintiff fails to comply with the presentment requirement or limitations periods in the statute, a district court lacks subject matter jurisdiction over the FTCA claim." *Lightfoot v. United States*, No. 08-170, 2008 U.S. Dist. LEXIS 25798, at *6 (E.D. Pa. Apr. 1, 2008).

Here, Plaintiff failed to bring her lawsuit within the six-month limitation period provided for by the FTCA. The USPS sent its notice of final denial on June 6, 2011. Plaintiff did not file the Complaint until June 4, 2012, almost a year after the claim denial was sent. In addition, there have been no allegations that Plaintiff sought reconsideration of the denial from the USPS, which would toll the six-month limitations period. Plaintiff does not dispute these facts. Instead, Plaintiff claims that because the United States failed to provide a "signed green card" demonstrating proof of receipt of the denial letter, the United States "cannot satisfy [its] burden of proving the final notice was sent by certified or registered mail and was served on Mr. Batoff or any agent in his office." (Pl.'s Resp. 5.) Plaintiff's argument is unavailing. Plaintiff improperly attempts to shift the burden to the United States, when the burden of establishing federal jurisdiction of an FTCA claim always rests with the plaintiff. *See Merando v. United States*, 517 F.3d 160, 164 (3d Cir. 2008); *see also Reuben v. U.S. Air*, No. 11-1235, 2012 U.S. Dist. LEXIS 84038, at *15-16 (W.D. Pa. June 18, 2012) ("Plaintiff bears the burden of proving

6

that her claim falls within the scope of the FTCA's waiver of government immunity."). In any event, the United States attached as an exhibit to its reply brief the very information, including the "signed green card," confirming receipt of the claim denial letter. This information verifies that the claim denial letter was delivered to "S. Clerkin" at Brett Batoff's office on June 9, 2011 at 2:56 p.m. (Gov't's Reply Ex. 3.) In addition, the claim denial was sent to the same address for Mr. Batoff to which three prior letters had been successfully delivered.

Even without the additional proof from the United States of delivery of the claim denial, Plaintiff's argument fails. The FTCA measures the limitations period from the "date of mailing" of the claim denial, and not from the date the denial is received. 28 U.S.C. § 2401(b); *see also Forman v. United States*, No. 98-6784, 1999 U.S. Dist. LEXIS 15391, at \*16 (E.D. Pa. Oct. 6, 1999) ("[T]he terms of [the FTCA] make mailing, not receipt, the relevant act."). Thus, when a plaintiff fails to file a lawsuit within six months after a claim denial is sent by certified or registered mail, courts hold that jurisdiction is lacking and that the suit must be dismissed, even if the attorney or the claimant alleges issues related to receiving the denial notice. *See Berti v. V.A. Hospital*, 860 F.2d 338, 340 (9th Cir. 1988) (dismissing complaint for lack of jurisdiction where suit was filed after six-month limitations period, and holding that the mailing of a claim denial by certified or registered mail begins the six-month limitations period and not when the attorney actually received the letter); *Forman*, 1999 U.S. Dist. LEXIS 15391, at \*16-17 (holding that FTCA claim filed after the six-month limitations period is time-barred and stating that "[a]gency obligations are discharged on proper mailing, irrelevant of poor or failed communications among those notified of denial"); *Pascarella v. United States*, 582 F. Supp. 790, 792 (D. Conn. 1984) (holding that the limitations period for filing suit begins when the denial notice is mailed, even when the attorney is unaware of his office's receipt of the denial notice for

several months); *Muhammad v. United States*, No. 07-1808, 2010 U.S. Dist. LEXIS 14166, at *11-12 (D. Colo. Feb. 11, 2010) (dismissing FTCA claim and rejecting argument that proof of receipt was not shown because "the limitations period does not run from the date of receipt, it runs from the date the letters were mailed").

Plaintiff does not and cannot dispute the fact that the USPS sent the notice of claim denial on June 6, 2011. Plaintiff only disputes receipt of this notice. This is not relevant for purposes of determining the limitations period for the filing of her FTCA claim. There are no genuine issues of material fact in dispute here. Since Plaintiff filed her Complaint nearly six months after the deadline, her claims under the FTCA are time-barred. This is so notwithstanding any issues related to receipt of the notice. Accordingly, the Complaint against the United States must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant United States of America's Motion to Dismiss Or, Alternatively, For Summary Judgment will be granted.

An appropriate Order will follow.

                                                   **BY THE COURT:**

                                                   **R. BARCLAY SURRICK, J.**